# CIRCUIT COURT OF THE CITY OF RICHMOND

Janice Alarhabi

v.

Virginia Real Estate Board

September 11, 2013

Case No. CL12-5561

BY JUDGE MELVIN R. HUGHES, JR.

On August 20, 2013, came Janice Alarhabi, appellant, and the Commonwealth of Virginia, Real Estate Board, appellee, before the court on an appeal from the Real Estate Board's Final Opinion and Order dated November 30, 2012.

The court finds that, in this administrative agency appeal, the course of proceedings is that as reflected in the appellee's Response Brief under the heading Statement of the Case as stated therein.

Following an informal hearing fact finding conference which appellant attended, the presiding officer prepared a Summary of Informal Fact Finding. The Summary recommended to the Real Estate Board certain action it should take including, *inter alia*, a revocation of appellant's real estate broker's license and the issuance of a salesperson license with a suspension until the completion of education courses and a licensing examination with a passing grade.

Later, at a regularly scheduled meeting after notice to appellant, the Board adopted the Summary recommendations, and appellant has noted this appeal. Appellant did not attend the meeting.

In her appeal, appellant asserts that, as she was unable to attend the meeting of the Board due to an illness and hospitalization, the Board's action is a denial of due process. She contends she informed the Board of her inability to attend and sought a continuance. The Board, responding, asserts that there is no record of any contact which would have informed of appellant's anticipated absence.

The Court finds that the administrative record does not contain any assertion or contention of a violation of due process rights due to appellant's involuntary absence at the time the Board took up the Summary

for consideration or afterwards during the time the case remained with the agency and before the appeal. In fact, the Board's Response does not address the issue. So, the question of a due process violation has not been raised until the case has come before the court on the appeal, when counsel raised it during argument for the first time.

The Court finds no merit in appellant's contention for the following reasons. First, it is otherwise clear that, based on the evidence before it, the Board acted within its authority in the actions taken imposing sanctions. Second, appellant was afforded an opportunity to be heard, availing herself of that opportunity, presenting evidence, etc. during the informal fact finding conference, having received process called for under the Virginia Administrative Process Act, Virginia Code § 2.2-4019 and § 2.2-4020, and the statutes pertaining to real estate brokerage licensure and regulation, Virginia Code §§ 54.1-100 et seq. The Court has not been cited to any statute or case, nor has any been found, in support of the notion that an inability to attend a hearing for final disposition after an afforded opportunity to be heard and participation at an evidentiary hearing amounts to a constitutional violation of due process.

Accordingly, the court finds no merit in the appeal and will affirm the administrative outcome.